United States District Court
Eastern District of New York                    2:18-cv-0809   (   ) (   )

Jackie Sanabria, individually and on behalf of all others similarly situated,

                              Plaintiff

        - against -                                                                  Complaint

Simple Mills Inc.,

                              Defendant

Plaintiff Jackie Sanabria ("plaintiff") individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

1. Simple Mills, Inc. ("defendant") manufactures and sells products identified as "Almond Flour Crackers" (the "Almond Products") and "Sprouted Seed Crackers" (the "Sprouted Products") under the "Simply Mills" brand (the "Products").

2. The varieties within each product line are no fewer than the following:

| Almond Products | Sprouted Seed Products |
|---|---|
| Fine Ground Sea Salt | Everything |
| Farmhouse Cheddar | Garlic & Herb |
| Rosemary & Sea Salt | Jalapeño |
| Sundried Tomato & Basil | Original |
| Cracked Black Pepper | |
| Smoky BBQ Cheddar | |

3. The Products are sold to consumers through third-parties via brick-and-mortar stores and online, and directly by defendant's website.

4. The Almond Products and Sprouted Seed Products have specific representations which are consistent across the varieties of those products, except for those

1

elements which depict that specific variety (i.e., Farmhouse Cheddar, Garlic & Herb).



Almond Products                                   Sprouted Seed Products

5. The Products' identical representations include the upper part of the back of the box which says "Simple Mills enriches lives and bodies through simple, delicious real food…We believe in clean, nutritious food for a better life – it's that simple…Simply yours, [Name]."

2

6. The lower part of the back of the box describes their respective ingredients.

| Almond Products | Sprouted Seed Products |
|---|---|

 

7. The Almond Products state "Only the highest-quality natural ingredients are used – nothing artificial, ever."

8. The Sprouted Products state that "seeds have protective barriers that keep the good stuff (like nutrients) inside" and that "[T]he sprouting process removes this layer, making the seed's vitamins and minerals more accessible to your body."

3

9. The most predominant ingredients for the Almond Products is "Nut and Seed Flour Blend (almonds, sunflower seeds, flax seeds) and for the Sprouted Seed Products is "Sprouted Seed Blend (sunflower, flax, chia)."

Almond Products <span></span> Sprouted Seed Products




10. The Products contain common ingredients such as "Tapioca," "Cassava" and "Rosemary Extract (for freshness)" while the Sprouted Products include "Hemp Seeds."

11. The Almond Products are misleading because the labels identify them as "Almond Flour Crackers" when they contain flours derived from non-almond sources, such as sunflower seeds and flax seeds.

12. Moreover, the almond flour which is present is not directly incorporated into the products as an ingredient, since it is already blended with other flour sources.

4

13. The result is that the almond flour's effect on the sensory, textural, organoleptic and structural qualities of the crackers are different from what it would otherwise be and contrasts with consumer expectations of a product purporting to, and containing, almond flour.

14. Plaintiff believed the Almond Products were made with only almonds as the flour source in the same way consumers would observe wheat flour crackers and reasonably expect they were composed of only flour derived from wheat.

15. Plaintiff desired to purchase a product that was only almond flour and believed that because the front label stated "Almond Flour Crackers" and "Sprouted Seed Crackers" that the exclusive flour ingredients in each would be almonds and sprouted seeds, respectively.

16. Excluding tax, the Products cost at least $4.99 and upwards to approximately $6.99, a premium price compared to other similar products.

## Jurisdiction and Venue

17. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

18. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

19. This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

20. Venue is proper because plaintiff and many class members reside in this District and defendant has been doing business in this District and in New York.

21. A substantial part of events and omissions giving rise to the claims occurred in this District.

Class Allegations

22. The classes consist of all consumers in all states and all consumers in New York State who purchased any Products bearing any of the actionable representations herein during the statutes of limitation periods.

23. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

24. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

25. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

26. Plaintiff's claims and the basis for relief are typical to other members', owing to all being subjected to the same representations.

27. Plaintiff is an adequate representative because her interests do not conflict with other members.

28. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

29. Individual actions risk inconsistent results, would be repetitive and are impractical to justify, as the claims are modest.

30. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

31. Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class maintained as a class action because it meets the same criteria as

the non-injunctive class.

## Parties

32. Plaintiff is a citizen of Nassau County, New York.

33. Simple Mills, Inc. is a Delaware corporation with a principal place of business in Chicago, Illinois.

34. Plaintiff paid a premium relative to similar products because prior to purchase, plaintiff saw and relied on the front label claim that the Products were "Almond Flour Crackers."

35. Plaintiff desired to purchase a product that was only almond flour and believed that because the front labels read "Almond Flour Crackers" and "Sprouted Seed Crackers" that the exclusive flour ingredients in each would be almonds and sprouted seeds, respectively.

36. In 2017, plaintiff purchased the Almond Products for no less than $5.99, excluding tax, at a store within this District.

## Violations of New York General Business Law §§ 349 & 350

37. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

38. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

39. The representations as "Almond Flour Crackers" are false and misleading for the reasons described herein.

40. No reasonable consumer would expect a product described and identified as Almond Flour Crackers to also contain other non-almond flowers as part of the primary flour ingredient.

41. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have without getting all they bargained for.

### Breach of Express Warranty and Implied Warranty of Merchantability

42. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

43. Defendant manufactures and sells crackers made from non-wheat flours.

44. Defendant warranted to plaintiff and class members that the Almond Products contained almond flour as its sole flour ingredient and did not contain flours derived from other ingredients.

45. The Products do not conform to their affirmations of fact and promises, wholly due to defendant's actions.

46. As a result, the Products lacked those attributes attributed by consumers to a product only containing almond flour.

47. Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

### Fraud

48. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

49. Defendant described and identified the Products as Almond Flour Crackers when it could have used different, non-misleading names.

50. Defendant's purpose was to mislead consumers who would be drawn to a product that contains non-wheat flours and who desired only almond flour crackers.

51. Defendant's intent was to distinguish its Products in the marketplace amongst the numerous other companies producing non-wheat flour products.

52. Plaintiff and class members observed and relied on the front label claim that the Products were Almond Flour Crackers, which they understood to mean that almond flour was the sole ingredient flour contained therein.

53. Plaintiff and class members paid more than they would have for the Products because of this mistaken belief, entitling them to damages.

## Unjust Enrichment

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

## Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff, individually and on behalf of all others similarly situated, prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct its practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL §§ 349, 350 claims;

4. Awarding costs and expenses incurred, including reasonable allowance of fees for plaintiff's attorneys and experts; and

9

5. Such other and further relief as the Court deems just and proper.

Dated: February 6, 2018

                                            Respectfully submitted,

                                            Levin-Epstein & Associates, P.C.

                                            /s/Joshua Levin-Epstein
                                            Joshua Levin-Epstein
                                            1 Penn Plaza, Suite 2527
                                            New York, NY 10119
                                            Tel: (212) 792-0046
                                            Fax: (212) 563-7108
                                            joshua@levinepstein.com

                                            Sheehan & Associates, P.C.

                                            /s/Spencer Sheehan
                                            Spencer Sheehan
                                            891 Northern Blvd., Suite 201
                                            Great Neck, NY 11021
                                            Tel: (516) 303-0552
                                            Fax: (516) 234-7800
                                            spencer@spencersheehan.com

2:18-cv-0809   (   ) (   )
United States District Court
Eastern District of New York

Jackie Sanabria, individually and on behalf of all others similarly situated,

                                Plaintiff,

- against -

Simple Mills, Inc.,

                                Defendant

## Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108
joshua@levinepstein.com

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  February 6, 2018

                                                                  /s/ Joshua Levin-Epstein
                                                                   Joshua Levin-Epstein