UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JACKIE SANABRIA, individually and on
behalf of all others similarly situated,

                 Plaintiff,

     v.

SIMPLE MILLS, INC.,

                 Defendant.
------------------------------------------------------------ x

Case No. 2:18-cv-00809
(ADS)(GRB)

**ANSWER AND AFFIRMATIVE DEFENSES**

      Defendant Simple Mills, Inc. ("Simple Mills"), by and through its counsel of record, hereby answers Plaintiff Jackie Sanabria's ("Plaintiff") Complaint ("Complaint") as follows:

      To the extent the Complaint attempts to characterize certain alleged facts (i.e., by describing statements, conduct, labels, and/or products as "false" or "misleading"), Simple Mills responds generally that such allegations constitute mere pejoratives or conclusions of law and not allegations of fact requiring a response. To the extent such allegations may be construed as allegations of fact, Simple Mills objects to and denies each and every such allegation, and incorporates by reference this response in each paragraph below as if fully set forth therein.

      Simple Mills further responds that the headings in the Complaint do not constitute allegations of fact requiring a response; but to the extent the headings may be construed as such, Simple Mills responds that it lacks sufficient knowledge or information to form a belief as to their truth, on that basis, denies each and every such allegation.

      Except as may be expressly and specifically admitted herein, Simple Mills denies each

and every allegation alleged in the Complaint, and further denies that Plaintiff has suffered any damages by reason of any act, omission, or conduct on the part of Simple Mills. In denying any factual allegations asserted in the Complaint, Simple Mills does not agree to assume any burden of proof that may properly rest with Plaintiff under the substantive law underlying the purported claims. Simple Mills further denies that Plaintiff is entitled to the relief sought in the Complaint, or to any relief whatsoever. With respect to the specific paragraphs of the Complaint, Simple Mills responds as follows:

In response to the first unnumbered paragraph, Simple Mills admits that Plaintiff has filed a class action lawsuit against it. Nonetheless, Simple Mills denies that the allegations in this suit have any merit and further denies that Plaintiff is entitled to any relief or remedy. Simple Mills specifically denies that this suit can proceed as a class action.

## RESPONSES TO PLAINTIFF'S ALLEGATIONS

1. Simple Mills admits that Plaintiff's Complaint purports to allege various causes of action against it related to "Almond Flour Crackers" ("Almond Products") and "Sprouted Seed Crackers" ("Sprouted Seed Products") (collectively, the "Products").

2. Simple Mills admits only that the Products are offered in a variety of flavors.

3. Simple Mills admits that the Products are sold throughout the United States.

4. Simple Mills admits that the Products feature certain statements on their packaging, but denies that any of those statements are false, misleading, or otherwise unlawful. Simple Mills admits that the image in Paragraph 4 of the Complaint appears to be a photograph of examples of the two of the Products in two package configurations as they have appeared from time to time.

5. Simple Mills admits that the quoted language identified in Paragraph 5 of the Complaint has appeared on the packaging of the Products from time to time. Simple Mills denies that the inclusion of such language on the packaging of the Products is false, misleading, or otherwise unlawful.

6. Simple Mills admits that the packaging of the Products contains a list of ingredients. Simple Mills admits that the image in Paragraph 6 of the Complaint appears to be a photograph of two examples of the packaging of the Products as they have appeared from time to time. Simple Mills denies that the inclusion of such lists of ingredients on the packaging of the Products is false, misleading, or otherwise unlawful.

7. Simple Mills admits that the quoted language identified in Paragraph 7 of the Complaint has appeared on the packaging of the Products from time to time. Simple Mills denies that the inclusion of such language on the packaging of the Products is false, misleading, or otherwise unlawful.

8. Simple Mills admits that the quoted language identified in Paragraph 8 of the Complaint has appeared on the packaging of the Products from time to time. Simple Mills denies that the inclusion of such language on the packaging of the Products is false, misleading, or otherwise unlawful.

9. "Predominant ingredients" is a legal term whose definition is best left to the applicable regulations, and no response is thus required; to the extent a response is required, Simple Mills denies the allegations. The remaining allegations in Paragraph 9 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

10. Simple Mills admits that some of the Products contain ingredients such as "Tapioca," "Cassava," "Rosemary Extract (for freshness), and "Hemp Seeds."

11. The allegations in Paragraph 11 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

12. The allegations in Paragraph 12 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

13. The allegations in Paragraph 13 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

14. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 14 of the Complaint, and therefore denies them.

15. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 15 of the Complaint, and therefore denies them.

16. Simple Mills admits that the Products are offered in a variety of price ranges. Simple Mills lacks sufficient information to form a belief as to the remaining allegations in Paragraph 16 of the Complaint, and therefore denies them.

<u>Jurisdiction and Venue</u>

17. The allegations in Paragraph 17 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

18. The allegations in Paragraph 18 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

19. Simple Mills admits that this Court has personal jurisdiction over it with respect to purchases made in New York by the Plaintiff.

20.	The allegations in Paragraph 20 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

21.	The allegations in Paragraph 21 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

## Class Allegations

22.	Simple Mills admits that Plaintiff purports to identify a class that "consists of all consumers in all states and all consumers in New York State who purchased any Products bearing any of the actionable representations herein during the statutes of limitations periods." Simple Mills nonetheless denies that this case can proceed as a class action.

23.	The allegations in Paragraph 23 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

24.	The allegations in Paragraph 24 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

25.	The allegations in Paragraph 25 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

26.	The allegations in Paragraph 26 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

27.	The allegations in Paragraph 27 of the Complaint are legal conclusions, to which

no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

28. The allegations in Paragraph 28 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

29. The allegations in Paragraph 29 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

30. The allegations in Paragraph 30 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

31. The allegations in Paragraph 31 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

Parties

32. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 32 of the Complaint, and therefore denies them.

33. Simple Mills admits that it is a Delaware corporation with its principal place of business in Chicago, Illinois.

34. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 34 of the Complaint, and therefore denies them.

35. Simple Mills lacks sufficient information to form a belief as to the allegations in

Paragraph 35 of the Complaint, and therefore denies them.

36. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 36 of the Complaint, and therefore denies them.

<u>Violations of New York General Business Law §§ 349 and 35</u>

37. Simple Mills incorporates by reference its responses to Paragraphs 1-36 stated above as though set forth herein.

38. The allegations in Paragraph 38 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

39. The allegations in Paragraph 39 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills specifically denies the allegations in Paragraph 39 of the Complaint that the Products are false and misleading.

40. The allegations in Paragraph 40 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

41. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 41 of the Complaint, and therefore denies them.

<u>Breach of Express Warranty and Implied Warranty of Merchantability</u>

42. Simple Mills incorporates by reference its responses to Paragraphs 1-41 stated above as though set forth herein.

43. Simple Mills admits that the Products contain a variety of different ingredients, including non-wheat flours.

44. The allegations in Paragraph 44 of the Complaint are legal conclusions, to which

7

no response is required; to the extent a response is required, Simple Mills denies the allegations.

45. The allegations in Paragraph 45 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

46. The allegations in Paragraph 46 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations. Simple Mills further denies that this case can proceed as a class action.

47. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 47 of the Complaint, and therefore denies them.

### Fraud

48. Simple Mills incorporates by reference its responses to Paragraphs 1-47 stated above as though set forth herein.

49. The allegations in Paragraph 49 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

50. The allegations in Paragraph 50 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

51. The allegations in Paragraph 51 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

52. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 52 of the Complaint, and therefore denies them.

53. Simple Mills lacks sufficient information to form a belief as to the allegations in Paragraph 53 of the Complaint, and therefore denies them.

### Unjust Enrichment

54. Simple Mills incorporates by reference its responses to Paragraphs 1-53 stated above as though set forth herein.

55. The allegations in Paragraph 55 of the Complaint are legal conclusions, to which no response is required; to the extent a response is required, Simple Mills denies the allegations.

Jury Demand and Prayer for Relief

Simple Mills admits that Plaintiff has demanded a jury trial, but denies that any such demand has merit. Simple Mills further denies that Plaintiff is entitled to any relief or remedy whatsoever, including, without limitation, the certification of a class action or any of the relief sought in the unnumbered "WHEREFORE" Paragraph, including subparts 1 through 5 thereto, contained on pages 9-10 of the Complaint.

**GENERAL DENIAL**

Simple Mills denies any and all allegations not expressly admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state claims upon which relief may be granted for a number of reasons, including but not limited to: (1) the statements made on Simple Mills's Products were and are accurate and/or not false, misleading, or otherwise unlawful; (2) the Complaint fails to allege facts sufficient to support the conclusion that the labels or statements on Simple Mills's Products violate any federal or state laws or regulations, or are otherwise false, misleading, or unlawful; and (3) the Complaint fails to allege facts sufficient to support the conclusion that Plaintiff and/or the putative class members suffered any damages as a result of any act or

omission on the part of Simple Mills.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel and/or unclean hands.

## THIRD AFFIRMATIVE DEFENSE

### (Free Speech)

Plaintiff's claims are barred, in whole or in part, to the extent the conduct complained of is protected by the First Amendment to the Constitution of the United States and/or by the free speech provisions of the Constitutions of New York and other states.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith)

Plaintiff's claims are barred, in whole or in part, because Simple Mills acted in good faith at all times.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Intent)

Plaintiff's claims based on alleged willful misrepresentations are barred, in whole or in part, because the representations and actions alleged were not intended to be false, misleading, or deceptive to consumers and/or the public.

## SIXTH AFFIRMATIVE DEFENSE

### (Puffing)

Plaintiff's claims for false advertising are barred, in whole or in part, to the extent the

alleged deceptive statements were such that no reasonable person could have reasonably relied upon or misunderstood Simple Mills's statements as claims of fact.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission on Simple Mills's part.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Materiality)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any material injury or damage by reason of any act or omission on Simple Mills's part.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Reliance)

Plaintiff's claims are barred, in whole or in part, given the lack of reliance by consumers on the alleged representations by Simple Mills identified in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

### (Conduct Not Unlawful)

Plaintiff's claims are barred, in whole or in part, because Simple Mills's business practices relating to the allegations in the Complaint were not unlawful.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Conduct Not Fraudulent Nor Likely to Deceive)

Plaintiff's claims are barred, in whole or in part, because Simple Mills's conduct is neither fraudulent and nor likely to mislead or deceive consumers and/or the public.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Material Misrepresentations)

Plaintiff's claims are barred, in whole or in part, because the representations alleged by Plaintiff were immaterial in that, in light of information commonly known to consumers, they were not likely to affect consumers' purchasing decisions. Nor were Simple Mills's alleged representations likely to mislead consumers acting reasonably under the circumstances.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks either standing and/or the capacity to bring some or all of the claims alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Lack of Personal Jurisdiction)

This Court lacks personal jurisdiction over Simple Mills to the extent that Plaintiff, on behalf of herself and the purported class, brings claims against Simple Mills for alleged purchases made outside of New York State or by citizens of states other than New York.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Federal Preemption)

Each of the causes of action alleged in the Complaint is expressly and/or impliedly preempted by federal law, including but not limited to the federal Food, Drug and Cosmetic Act, 21 U.S.C. §§ 301 *et seq.*, the federal Nutrition Labeling and Education Act, 21 U.S.C. §§ 341 *et seq.*, and by the Food and Drug Administration's extensive regulation of food product labeling.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(Adequate Remedy at Law)**

Plaintiff's claims for equitable relief are barred to the extent there is an adequate remedy of law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(**No Right to Injunctive Relief**)

To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Simple Mills by any such relief would be greatly disproportionate to any hardship Plaintiff might suffer in its absence. Further, any injunctive relief that would require regulation by the Court on an ongoing basis is inappropriate and unduly burdensome where Simple Mills's advertising and marketing activities are already monitored by various federal and state agencies.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Safe Harbor Defense/Compliance With Laws)**

Plaintiff's claims are barred by common law or statutory safe harbors including, but not limited to, New York's safe harbor (N.Y. GBL § 349(d)) because Simple Mills's alleged actions, at all relevant times and places, were in compliance with the applicable law, and because any product distributed by Simple Mills (including any packaging or labeling of the Products) was in compliance with all applicable governmental regulations at the time such product was distributed. The products at issue complied with all applicable federal and state laws and regulations.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

Each of the causes of action alleged in the Complaint is barred to the extent Plaintiff and the putative class seek relief based on acts or omissions by Simple Mills or by products purchased by Plaintiff or putative class members prior to the applicable limitations periods.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(No Right to Punitive or Treble Damages)**

Plaintiff is not entitled to punitive or treble damages on any claim alleged in the Complaint. Any award of punitive or treble damages would violate the due process and/or equal protection clauses of the Constitution of the United States and/or any analogous provisions of the Constitutions of New York and other states.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

Plaintiff's request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(No Right to Punitive or Treble Damages)**

Plaintiff's claims are barred to the extent Plaintiff would be unjustly enriched if allowed to recover any monies alleged to be due in the Complaint.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Lack of Damage; Damages Caused By Other Causes)**

Plaintiff has not suffered any damage as a result of any actions allegedly taken by Simple Mills, and is thus barred from asserting any claim against Simple Mills. Even if and to the extent

Plaintiff suffered any damages, such damages were proximately caused by persons, entities, and/or factors or events other than Simple Mills for which Simple Mills was and is not responsible.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The monetary relief sought by Plaintiff and the putative class members is barred to the extent they failed to make reasonable efforts to prevent or mitigate any alleged injury or loss.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to Provide Pre-Suit Notice)

Each of the causes of action alleged in the Complaint is barred, in whole or in part, by Plaintiff's failure to notify Simple Mills of the claim prior to filing this action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Extraterritorial Application of New York Law)

The relief sought by Plaintiff and the putative class is barred to the extent the claims asserted would require the application of New York consumer protection laws to non-New York residents and/or transactions.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Plead Fraud with Particularity)

To the extent the Complaint alleges causes of action sounding in fraud, deception and/or misrepresentation, those claims are barred by Plaintiff's failure to allege the circumstances constituting the alleged fraud, deception and/or misrepresentation with particularity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(No Money Paid Directly to Defendant)**

Plaintiff's claims for restitution under any theory, including but not limited to unjust enrichment, are barred to the extent Plaintiff did not pay money directly to Simple Mills, and/or to the extent Plaintiff seeks a return of monies not in Simple Mills's possession.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Voluntary Payment Doctrine)**

Each of the causes of action alleged in the Complaint is barred by the voluntary payment doctrine to the extent Plaintiff and/or the putative class members voluntarily purchased the products at issue knowingly and intelligently, and without mistake of fact.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Lack of Proximate Cause)**

Simple Mills is not liable to Plaintiff, in whole or in part, because the losses Plaintiff allegedly suffered were not proximately caused by any act or omission of Simple Mills.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

**(Class Certification Improper)**

The purported class cannot be certified under Federal Rule of Civil Procedure 23 because the purported class, class representatives and/or class counsel fail to meet the typicality, commonality, numerosity, adequacy, superiority, or predominance requirements for class actions.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

**(Class Action Improper)**

Plaintiff's purported class claims are barred because Plaintiff's definition of the class is

vague, ambiguous, and overly broad.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust Other Available Remedies)

Plaintiff's claims are barred, in whole or in part, by her failure to exhaust other available remedies.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

Plaintiff's claims are barred, in whole or in part, because Simple Mills is not in privity with Plaintiff.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Consumer Protection Laws Unduly Vague)

Any finding of compensatory liability under the consumer protection laws of New York would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and of any analogous provision in the New York Constitution or Constitutions of other states, because the standards of liability under these consumer protection laws are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Due Process Right to Individual Liability Determinations)

As a matter of constitutional right and substantive due process, Simple Mills would be entitled to contest by jury trial their liability to any particular individual plaintiff, even if the purported representative of the putative class prevails on her claims. Trying this case as a class action would violate the United States Constitution and the Constitutions of New York and other

17

states.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Justification/Excuse)

Simple Mills's alleged conduct, at all relevant times and places, were necessary to the competitive operation of its business, and Plaintiff's alleged injury, if any, is outweighed by the benefit to the public of Simple Mills's actions.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Compliance with Laws)

Plaintiff's claims are barred, in whole or in part, because the conduct alleged in the Complaint complies with applicable laws, including but not limited to the Food, Drug, and Cosmetic Act and the Food and Drug Administration's regulations.

### FORTIETH AFFIRMATIVE DEFENSE

### (Uncertain/Unmanageable Damages)

Plaintiff's claims are barred, in whole or in part, because her requested monetary relief is too speculative and/or remote and/or impossible to prove and/or allocate.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Not Material)

Plaintiff is precluded from recovery because the representations, actions or omissions she alleged were not and are not material to her decision to purchase or consume Simple Mills's

Products.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Not False or Misleading)

Simple Mills's Product labels did not contain any false or misleading statement or promises. As such, the product labels are not, and were not, deceptive, false, misleading, misbranded, fraudulent, unlawful, or unfair, and were not intended to mislead or deceive consumers. This action is barred, in whole or in part, because the product labels at issue provided clear and appropriate descriptions of the ingredients. Moreover, the labels and packaging at issue in the Complaint accurately portrayed the characteristics, uses, benefits, standard, quality, and grade of Simple Mills's Products.

## RESERVATION OF ADDITIONAL DEFENSES

At present, Simple Mills has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Simple Mills hereby reserves the right to amend its answer to raise additional affirmative defenses as they become available or apparent through discovery or otherwise.

WHEREFORE, having fully answered the Complaint, Simple Mills respectfully prays as follows:

1. That Plaintiff take nothing by way of her Complaint;

2. That judgment be entered in favor of Simple Mills and against Plaintiff on the Complaint as a whole;

3. That this Court find this suit cannot be maintained as a class action;

4. That Simple Mills be awarded all costs of suit, including attorneys' fees and

expert fees, as may be just and proper under applicable statutes; and

  5.  That this Court award Simple Mills any other relief it deems appropriate.

Dated: June 4, 2018
   New York, New York

            GREENBERG TRAURIG, LLP

            By /s/ *Philip H. Cohen*
            Philip H. Cohen (PC-5171)
            200 Park Avenue
            New York, New York 10166
            (212) 801-9200
            CohenP@gtlaw.com

            Rick L. Shackelford (*Pro Hac Vice* application to be filed)
            Daniell K. Newman (*Pro Hac Vice* application to be filed)
            1840 Century Park East
            Los Angeles, California 90067
            (310) 586-7700
            ShackelfordR@gtlaw.com

            *Attorneys for Defendant*
            Simple Mills, Inc.